UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENERGY MICHIGAN, INC., and
ASSOCIATION OF BUSINESSES
ADVOCATING TARIFF EQUITY,

        Plaintiffs,                          Case Number 20-12521
v.                                               Honorable David M. Lawson

DANIEL C. SCRIPPS, KATHERINE L.
PERETICK, and TREMAINE L. PHILLIPS,

        Defendants,

and

CONSUMERS ENERGY COMPANY,

        Intervening defendant.
_____/

## ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL

On February 23, 2022, the Court filed an opinion and order denying the parties' cross motions for summary judgment. In that opinion, the Court stated that *General Motors Corp. v Tracy*, 519 U.S. 278 (1997), did not provide a governing rule in this case. *Tracy* addressed an allegedly discriminatory tax exemption levied against certain entities that sold natural gas and competed with public utilities. The Supreme Court determined that removing the differential treatment would not increase competition in the market for captive small residential customers where local natural gas distribution companies and alternative gas suppliers did not compete. *Id.* at 300-04. *Tracy* was distinguishable because alternative electricity suppliers like those represented by the plaintiffs in this case provide the same commodity — electricity — in the same markets as other load serving entities, including public utilities like the intervening defendant, Consumers Energy Company.

Consumers Energy now moves to certify for interlocutory appeal the question whether *Tracy* applies "to the instant case." The motion is fully briefed, and oral argument will not assist in its disposition. The Court, therefore, will decide the motion on the papers submitted. E.D. Mich. LR 7.1(f)(2).

Ordinarily, the court of appeals has jurisdiction only over "final decisions of the district courts of the United States." 28 U.S.C. § 1291; *see Hitchcock v. Cumberland Univ. 403(b) DC Plan*, 851 F.3d 552, 557 (6th Cir. 2017). There has been no final decision in this case. A final decision is "typically one 'by which a district court disassociates itself from a case.'" *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995)).

However, a district court may certify an order for interlocutory appeal if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (quoting 28 U.S.C. § 1292(b)). "Review under § 1292(b) is granted sparingly and only in exceptional cases," *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002), to "avoid protracted and expensive litigation," *Kraus v. Bd. of Cnty. Road Comm'rs of the Cnty. of Kent*, 364 F.2d 919, 922 (6th Cir. 1966) (quoting *Milbert v. Bison Labs., Inc.*, 260 F.2d 431, 433 (3d Cir. 1958)).

The decision denying the parties' cross motions for summary judgment on the plaintiffs' dormant Commerce Clause claim was made in the context of motions brought under Federal Rule of Civil Procedure 56, which may be granted only if there "is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P 56(a). The issue of whether *Tracy* applies in this case is not purely a question of law. There are facts that

must be determined before *Tracy*'s governing rule can be applied.  Several courts have held that interlocutory appeals of summary judgment orders under section 1292(b) are inappropriate where the review necessarily would entail significant reconsideration of a case's factual record.  *See, e.g., McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case."); *Arenholz v. Bd. of Trs. of Univ. of Illinois*, 219 F.3d 674, 676-677 (7th Cir. 2000) (holding that a "question of law" under section 1292(b) refers to questions about the meaning of a statutory or constitutional provision, regulation, or common law doctrine); *Fannin v. CSX Transp., Inc.*, No. 88-8120, 1989 WL 42583, at *5 (4th Cir. Apr. 26, 1989) (per curiam) (finding that an issue of law which is "heavily freighted with the necessity for factual assessment" is not controlling under § 1292(b)).  Under this line of reasoning, an interlocutory appeal would not be appropriate here.  The question Consumers moves to certify — whether *Tracy* applies to the specific facts of this case — can only be answered by "delv[ing] beyond the surface of the record in order to determine the facts."  *In re ASC Inc.*, 386 B.R. 187, 196 (E.D. Mich. 2008) (citations and quotations omitted).  The court of appeals "do[es] not review disputed questions of fact" on "interlocutory appeal under 28 U.S.C. § 1292(b)."  *Sheet Metal Emps. Indus. v. Absolut Balancing Co.*, 830 F.3d 358, 361 (6th Cir. 2016) (citing *Nw. Ohio Adm'rs, Inc. v. Walcher & Fox, Inc.*, 270 F.3d 1018, 1023 (6th Cir. 2001); *Foster Wheeler Energy Corp. v. Metro. Knox Solid Waste Auth., Inc.*, 970 F.2d 199, 202 (6th Cir. 1992)).

Citing *Flint v. Ky. Dep't. of Corrections*, 270 F.3d 340, 346 (6th Cir. 2001), Consumers Energy argues that "[m]ixed questions of fact and law are treated as questions of law for purposes of an interlocutory appeal."  But *Flint* was a case involving the defense of qualified immunity, the

denial of which is immediately appealable under *Mitchell v. Forsyth*, 472 U.S. 511 (1985). Section 1292(b) does not apply to qualified immunity appeals, however, and Consumers Energy has not cited any authority holding that district courts must treat every mixed question of law and fact as a pure question of law when considering whether to certify interlocutory appeals under that statute. To the contrary, interlocutory appeals should not be "certified for the purpose of inflicting upon courts of appeals an unaccustomed and ill-suited role as factfinders." 16 Wright & Miller, *Fed. Prac. & Proc. Juris.* § 3930 (3d ed.) (collecting cases).

Consumers Energy also has not shown that the question whether *Tracy* applies is controlling. The test for whether a question of law is "controlling" overlaps with the second criteria for granting an interlocutory appeal, that is, whether resolution of the issue on appeal could materially affect the outcome of the litigation. *Eagan v. CSX Transportation, Inc.*, 294 F. Supp. 2d 911, 915 (E.D. Mich. 2003) (citing *In re Baker & Getty Fin. Servs.*, 954 F.2d 1169, 1172 n. 8 (6th Cir. 1992)) (quotations omitted). A finding that *Tracy* provides a rule of decision applicable to the present case would not "terminate the litigation in its entirety," *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 876 (E.D. Mich. 2012), "save[] judicial resources and litigation expense," *id.* at 878, "substantially reduce the amount of litigation on remand," *McFarlin*, 381 F.3d at 1264, or otherwise simplify pretrial or trial proceedings, 16 Wright & Miller, § 3930. The factual question whether alternative electricity suppliers operate in the same market as other load serving entities would remain on remand. Because the trial "will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d at 351. The application for certification therefore will be denied.

- 5 -

Accordingly, it is **ORDERED** that the intervening defendant's motion to certify the question for interlocutory appeal (ECF No. 72) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   March 28, 2022