UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENERGY MICHIGAN, INC., and
ASSOCIATION OF BUSINESSES
ADVOCATING TARIFF EQUITY,

          Plaintiffs,          Case Number 20-12521
v.          Honorable David M. Lawson

DANIEL C. SCRIPPS, SALLY A. TALBERG,
and TREMAINE L. PHILLIPS,

          Defendants,

and

CONSUMERS ENERGY COMPANY,

          Intervening defendant.
_____/

## CASE MANAGEMENT AND SCHEDULING ORDER (AFTER REMAND)

The plaintiffs in this case challenge two rules promulgated by the Michigan Public Service Commission (MPSC) that implement legislation regulating the amount of electrical generating capacity required of energy suppliers. Those orders, which are intended to ensure the reliable delivery of electricity to the state's retail consumers, establish "individual local clearing requirements" (ILCRs), a term that refers to the amount of electricity that a supplier must obtain from sources within certain federally designated geographic zones.

After conducting a trial without a jury and considering the parties' post-trial briefs, the Court held that the plaintiffs had failed to demonstrate that the MPSC's orders had the effect of discriminating against interstate commerce and that the legitimate local benefits of the policies outweighed any incidental burdens. *Energy Michigan v. Scripps*, 658 F. Supp. 3d 511, 533-35 (E.D. Mich. 2023). The Court also analyzed the plaintiffs' challenge under strict scrutiny, the

applicable standard if the policy were found to discriminate against interstate commerce, and found "that the requirement 'advances a legitimate local purpose that cannot be adequately served by reasonable nondiscriminatory alternatives.'" *Id.* at 535 (quoting *Cherry Hill Vineyards, LLC v. Lilly*, 553 F.3d 423, 432 (6th Cir. 2008)).

The Sixth Circuit reversed the dismissal of the plaintiffs' complaint and remanded the case for further proceedings. The appellate panel held that the ILCRs were facially discriminatory. *See Energy Michigan, Inc. v. Michigan Pub. Serv. Comm'n*, 126 F.4th 476, 488, 491 (6th Cir. 2025). Therefore, according to the court of appeals, the state needed to show that its policy survived strict scrutiny. The panel also determined that this Court's strict scrutiny analysis was flawed and told this Court to try again on remand.

The court of appeals held that when applying strict scrutiny analysis, it is the State's burden to demonstrate that "the ILCR is the only means of achieving its goal of securing a reliable energy supply." *Id.* at 501. Because the panel did not believe that this Court addressed that question, it "[left] it to that [*i.e.* this] court to resolve this narrow question in the first instance." *Ibid.*

The court of appeals did not order a new trial, and in that sense the mandate can be viewed as limited in scope. *United States v. Campbell*, 168 F.3d 263, 268 (6th Cir. 1999) (explaining that a limited mandate instructs the trial court to address the issue or issues specifically articulated in the appellate court's order, but that the appellate court must specify "with particularity" the procedure the district court is to follow). The parties appear to agree that the mandate requires this Court to determine whether the defendants can carry their burden under strict scrutiny to justify the ILCR in light of the panel's determination that the rule is facially discriminatory against interstate commerce. They disagree, however, on the procedure going forward.

The plaintiffs look to language in the panel's opinion that criticized this Court's application of strict scrutiny, finding it erroneous, and stating that this Court should have asked "whether the state *demonstrated* that the ILCR is the only means of achieving its goal of securing a reliable energy supply." *Energy Michigan*, 126 F.4th at 501 (emphasis added). Seizing on the word "demonstrated" — past tense — the plaintiffs believe that the procedure on remand is to determine if the defendants can satisfy their burden based on the existing trial record. The defendants argue that this Court should allow further development of a more fulsome record so that the question can be answered in light of the panel's allocation of the burden of proof.

The defendants have the better argument. The question posed is quintessentially a factual inquiry. To honor the mandate, this Court must "tak[e] into account the appellate court's opinion and the circumstances it embraces." *United States v. O'Dell*, 320 F.3d 674, 679-80 (6th Cir. 2003) (citing *Campbell*, 168 F.3d at 266) (indicating that mandates should be viewed in the context of the entire opinion). The court of appeals panel explained that on remand, the "defendants need to prove that the ILCR is superior in achieving its goals relative to all other alternatives that do not expressly discriminate based on geography." *Energy Michigan*, 126 F.4th at 501. Beyond that, the panel did not prescribe any specific procedure. But when explaining what the defendants "need to prove," the court signaled that additional factual development may be appropriate. After all, the ILCRs were promulgated to promote the integrity of the electrical grid within Zone 7 established by the Midcontinent Independent System Operator, Inc. (MISO), the Regional Transmission Organization that oversees electricity transmission planning for fifteen states in the Midwest and South (and one Canadian province), including nearly all of Michigan. MISO itself established local clearing rules, which prescribe how much generating capacity electricity suppliers must furnish within a given zone. MISO's LCRs are inherently geography-based. The

court of appeals panel characterized (and criticized) the MPSC's ILCRs also as geographically based but held that the defendants must show that no other non-geography-based method of regulating the source of generating capacity can be effective at ensuring their legitimate concern over the health of the electrical grid. *Id.* at 501. The Court believes that it would benefit from further factual development to answer that question.

The plaintiffs also believe that allowing additional discovery would constitute a modification of the pretrial scheduling order, which can be allowed only upon a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4). They are mistaken. A scheduling order entered under Rule 16 is intended to govern *pretrial* proceedings. Fed. R. Civ. P. 16(b)(3). Although a scheduling order retains viability following a remand when, for instance, summary judgment is reversed and the case is sent back for trial, *see Everly v. Everly*, No. 17-01440, 2020 WL 4207586, at *4-5 (M.D. Tenn. July 22, 2020), here the trial was held, and the scheduling order is obsolete. It is generally thought that when an appellate court issues a limited remand and intends to cabin the subsequent proceedings in the lower court, "[t]he chain of intended events should be articulated with particularity," and the appellate court's "language used to limit the remand should be, in effect, unmistakable." *Campbell*, 168 F.3d at 268. Nothing in the court of appeals's remand language can be read to revive the spent scheduling order or to cabin this Court's discretion to conduct the proceedings on remand. *Allard Enters., Inc. v. Advanced Programming Res., Inc.*, 249 F.3d 564, 569-70 (6th Cir. 2001) (holding that after a limited remand for the district court to determine the geographic scope of an injunction, "[t]he district court's decision to hold an evidentiary hearing is not outside of the mandate provided by this court"); *Carter Jones Lumber Co. v. LTV Steel Co.*, 237 F.3d 745, 751 (6th Cir. 2001) ("On remand, the decision whether to hear new evidence is

within the discretion of the trial court.") (citing *Brunet v. City of Columbus,* 58 F.3d 251, 257 (6th Cir. 1995).

Going forward, then, the parties may take additional discovery directed to whether "the ILCR is superior in achieving its goals relative to all other alternatives that do not expressly discriminate based on geography." *Energy Michigan*, 126 F.4th at 501.  The parties anticipate that their efforts will be focused on expert testimony, but the Court will not foreclose the possibility of additional non-expert factual development.

The following schedule will govern:

A. Any additional disclosures required by Fed. R. Civ. P. 26(a)(1)(A), (B) and (C) must be served on opposing counsel, *but not filed with the Clerk of the Court*, on or before **May 27, 2025**.

B. Any additional disclosure of information regarding expert witnesses required by Fed. R. Civ. P. 26(a)(2) must be made as follows: if not already disclosed under Paragraph (A) above, disclosure of an expert witness's identity under Rule 26(a)(2)(A) shall be made within three (3) business days of the expert's retention; other disclosure under Rule 26(a)(2)(B) and (C) shall be served on opposing counsel, *but not filed with the Clerk of the Court*, by the defendants on or before **July 1, 2025** and by the plaintiffs on or before **July 31, 2025**.

C. A list in the form required by Federal Rule of Civil Procedure 26(a)(3) of the witnesses (both lay and expert) whom a party may call to testify and exhibits at any further fact hearing must be filed with the Clerk of the Court and served on opposing counsel on or before **August 28, 2025**.

D. All further discovery must be completed on or before **August 15, 2025**.

E. The deadline for filing motions challenging the admissibility of expert witness testimony under Federal Rules of Evidence 702, 703 or 705 is **September 2, 2025**.  If such motion requires a testimonial hearing, it should be filed within sufficient time to permit scheduling a hearing so as not to interfere with the trial date.  All such motions should include specific references to the witness's deposition and to all other record material needed to establish the foundation for the motion.

F. Dispositive motions must be filed on or before **September 2, 2025**.

G. The final pretrial conference shall take place on **December 17, 2025 at 2:00 p.m.**  The Proposed Joint Final Pretrial Order must be submitted to chambers (and not e-

filed) before the close of business on **December 10, 2025**. The parties shall follow the procedure set out in the pre-remand case management order for drafting the Proposed Joint Final Pretrial Order.

H. Trial shall commence on **January 20, 2026 at 8:30 a.m.** At least ***ONE WEEK*** before the trial date, all counsel must furnish to the Court the following in proper form:

1. Proposed finding of fact and conclusions of law and trial briefs.

2. A list of witnesses to be called at trial and an exhibit list **using the exhibit form attached to the pre-remand scheduling order**. The list should designate the witnesses that will be called and those that may be called; indicate the estimated time for direct examination; state whether the witness will testify in person or by deposition; and identify the witnesses to be offered as expert witnesses.

Counsel may contact the Court's Case Manager with questions regarding the Court's practices, this order, or other matters of practice and procedure. However, **before calling chambers,** please consult the Court's web page at:

https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=20.

It is so **ORDERED**.

    s/David M. Lawson
    DAVID M. LAWSON
    United States District Judge

Date: May 13, 2025